# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MOWRIYAH ABIYAH YASHARA'L, | ) |
| Plaintiff, | ) |
| v. | ) NO. 5:19-CV-497 (MTT) |
| CLERK JOHN OR JANE DOE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff, Mowriyah Abiyah Yashara'l, has filed a complaint against the Lamar County Clerk's Office and the Lamar County Sheriff's Office for "constitutional violations, assault, biblical rights violations, bill of rights violations, etc." Doc. 1 at 1. Plaintiff failed to pay the $400.00 filing fee or move to proceed in forma pauperis. If Plaintiff desires to pursue her claims, she must either pay the $400.00 filing fee or move to proceed in forma pauperis by completing an application to proceed in forma pauperis. Failure to pay the $400.00 filing fee or complete and return the enclosed application to proceed in forma pauperis will result in the dismissal without prejudice of this action.

Plaintiff's complaint also suffers from numerous deficiencies. Because she is proceeding pro se, the Court will allow Plaintiff the opportunity to amend her complaint to cure these deficiencies. Plaintiff must be aware that her amended complaint will take the place of her original complaint. In her amended complaint, Plaintiff should take into consideration that neither the Lamar County Clerk's Office nor the Lamar County Sheriff's Office is a legal entity subject to suit. Pursuant to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued" is determined "by the law of the state where the court is

located." Thus, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial person as the law recognizes as being capable to sue.'" *Georgia Insurers Insolvency Pool v. Elbert Cty.*, 258 Ga. 317, 318 (1988) (quoting *Cravey v. Southeastern Underwriters Ass'n.*, 214 Ga. 450, 453 (1958)). Sheriff's' departments and clerk's offices fall into none of these categories. To the contrary, courts have recognized that county detention facilities, police departments, and sheriff's departments are not legal entities subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit").

Additionally, fictitious party practice, or the naming John Doe defendants, is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean*, 951 F.2d at 1215-16). Plaintiff needs to tell the Court who allegedly violated her rights, either by providing a name or "'an adequate description of some kind which is sufficient to identify the person involved so that process can be served.'" *Dean*, 951 F.2d at 1216 (citation omitted).

Finally, for each Defendant named, the Plaintiff must tell the Court exactly what the Defendant did that violated her rights. Plaintiff is obligated to provide the grounds that entitle her to relief beyond mere labels and conclusory allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 555 (2007) (citations omitted). Plaintiff's complaint will be subject to dismissal unless it contains "sufficient factual matter." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citation omitted) (finding that a compliant does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'").

In conclusion, Plaintiff is **ORDERED** to either pay the $400.00 filing fee or complete and return to the Court an application to proceed in forma pauperis. Plaintiff is also **ORDERED** to amend her complaint to cure the deficiencies noted above. Failure to comply with this Order by **JANUARY 28, 2020** will result in the dismissal without prejudice of this action. The Clerk's office is **DIRECTED** to send an application to proceed in forma pauperis to Plaintiff along with a copy of this Order.

**SO ORDERED and DIRECTED** this 13th day of January, 2020.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT